IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEREX DOOLEY, | ) |
| Plaintiff | ) Case No. 1:14-cv-00194 (Erie) |
| vs. | ) |
| | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| BRYANT, et al., | ) |
| Defendant | ) |
| | ) ORDER ON PLAINTIFF'S |
| | ) MOTION FOR RELIEF FROM |
| | ) JUDGMENT [ECF No. 55] |

## ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

THIS CAUSE came before the Court on Plaintiff Lerex Dooley's Motion for Relief from Judgment, filed on October 4, 2019, pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 55). Plaintiff's motion asserts that he attended a settlement conferences on February 10, 2017, during which an agreement was reached whereby Plaintiff's lawsuit, brought pursuant to section 1983, would be voluntarily dismissed. Plaintiff states that a central term related to the amount of "street time credit" he would receive under the settlement. Plaintiff now asserts that, less than 72 hours after the settlement was reached, he discovered that he was, in fact, not eligible for "street time credit." Plaintiff now brings this motion pursuant to Federal Rule of Civil Procedure 60(b) to set aside the settlement that was reached on February 10, 2017.

Rule 60(b) and (c) state:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;

1

> (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on
> an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
> > (1) Timing. A motion under Rule 60(b) must be made within a reasonable
> > time--and for reasons (1), (2), and (3) no more than a year after the entry
> > of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60. Here, Plaintiff styles his motion as seeking relief pursuant to Rule 60(b)(6), which is the "catch-all" provision allowing the Court to set aside a judgment for "any other reason that justifies relief." However, the basis for his motion is more suited for the "surprise" or "mistake" provision of Rule 60(b)(1), because he alleges that he was not aware until after the settlement agreement was reached that he was not eligible for "street time credit." Thus, the relevant time period during which his motion must be brought is one-year after the judgment. Fed. R. Civ. P. 60(c)(1). He cannot avoid that time bar by resorting to Rule 60(b)(6). *See Walsh v. United States*, 639 Fed. Appx. 108, 111–12 (3d Cir. 2016), (3d Cir. 1975) (Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1)-(3) maybe circumvented); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) ("if the asserted ground for relief falls within one of the enumerated grounds ... subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available"). Thus, because Plaintiff's motion was filed outside of the one-year time period, it is untimely.

Even if Plaintiff's motion was appropriately brought pursuant to Rule 60(b)(6), motions brought under this provision "must be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). Plaintiff filed his motion nearly three years after the Court approved of the settlement, which is

not within a reasonable time. *See, e.g., Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time). Thus, Plaintiff's motion is untimely even if brought pursuant to Rule 60(b)(6). Further, he has provided no excuses for his failure to bring this motion within either time period proscribed by Rule 60(c). For these reasons, Plaintiff's motion is DENIED.

Dated: November 1, 2019

RICHARD A. LANZILLO
United States Magistrate Judge